IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> BRAELEE SANTANA, *et al.,* <br><br>　　*Defendants.* | CRIMINAL ACTION NO. <br> **3:26-cr-00003-TES** |

### ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is the Government's Consent Motion for Continuance in the Interest of Justice. [Doc. 63]. The trial is currently set for June 22, 2026, and Defendants do not oppose a continuance. [*Id.* at p. 1]. For the reasons set forth below, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

On February 10, 2026, the Grand Jury for the Middle District of Georgia returned a true bill in the above-styled case, charging Defendants with Conspiracy to Possess with Intent to Distribute Cocaine in violation of Title 2, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii)(II). [Doc. 1]. Defendants Braelee Santana, Homar Campos Ruiz, and Jesus Carrizales were arraigned before U.S. Magistrate Judge Charles H. Weigle on March 2, 16, and 19, 2026, respectively. [Doc. 21]; [Doc. 41]; [Doc. 50].

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the

requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

In its Motion, the Government asserts that "discovery in this case is voluminous and will take a substantial amount of time for defense counsel to review to be adequately prepared to file motions, litigate motions, and try the case." [Doc. 63, pp. 1–2]. Considering this, failure to grant a continuance in this case would deny Defendants "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

So as to avoid a miscarriage of justice, the Court **GRANTS** the Government's Consent Motion for Continuance in the Interest of Justice [Doc. 63]. The Court

**CONTINUES** the Pretrial Conference until **June 3, 2026,** and the trial of this matter until **July 27, 2026,** with the understanding that a motion to declare this case complex and accompanying scheduling order are forthcoming from the parties. The ends of justice served by this continuance outweigh the best interests of the public and Defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161(h)(7)(A) for excusable delay.

    **SO ORDERED**, this 2nd day of April, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**